**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**MARLON GREEN**                                           **CIVIL ACTION**

**VERSUS**                                                 **NO. 17-7329**

**UNITED STATES OF AMERICA**                               **SECTION "B"(1)**

### ORDER & REASONS

Before the Court is Petitioner Marlon Green's Motion for Reconsideration, styled as a "Contempt for Court-Failure to Prosecute", Rec. Doc. 26.

We have carefully examined yet another rambling and conclusory pleading by Green and find again it replete with repetitive, frivolous, and harassing commentary. His conclusory allegations are void of factual and legal support. He had the opportunity to clarify but instead filed non-responsive, largely incoherent argument. As such, it further documents Green's "pattern of malicious and frivolous filings" noted in our earlier order. That same order also contained a warning about consequences for repeat attempts to abuse the judicial process. Rec. Doc. 23. Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration is **DENIED** as repetitive, conclusory, harassing, and frivolous on its face. Given Green's continuous pattern of behavior, it would be futile to allow further efforts to amend.

No one, rich or poor, is entitled to abuse the judicial process. *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975). Flagrant abuse of the judicial process can enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. *Clovis Green v. Carlson,* 649 F.2d 285, 287 (5th Cir. 1981). We are also aware that for similar reasons in another context, Petitioner's right to file certain complaints was suspended by order of the Chief Judge of the United States Court of Appeals for the Fifth Circuit. See Rec. Doc. 26, p. 8.

Petitioner's repetitive filings in the Eastern District of Louisiana are also exhibited in the following 11 cases that showed dismissals due to his failure to comply with court orders, failure to present coherent or non-conclusory claims, failure to prosecute, or failure to present non-frivolous or non-repetitive claims:[1]

> 2:04-cv-01429-CJB Green v. VA, et al filed 05/19/04 closed 11/24/04
>
> 2:04-cv-02363-LMA Green v. Wal-Mart Employee's, et al filed 08/17/04 closed 10/28/04

---

[1] In another civil action Green was denied leave to proceed *in forma pauperis* by another judicial officer of this court. See 2:12-cv-01037-SSV-ALC Green v. United States of America filed 04/25/12 closed 05/09/12. Notably, a letter from Green's mother was filed in the latter action as Record Document 6-1. She describes in that letter her son's behavior, medical issues, and her dissatisfaction with a particular medical doctor.

2:04-cv-02749-CJB Green v. Veterans Hosp NO, et al filed 10/06/04 closed 02/19/05

2:05-cv-01316-CJB-ALC Green v. Maurin et al filed 04/05/05 closed 04/25/05

2:12-cv-00432-ILRL Green v. Stevenson et al filed 02/15/12 closed 02/14/13

2:16-cv-15137-JTM-JVM Green v. Yates et al filed 09/30/16 closed 12/14/16

2:17-cv-07329-ILRL-JVM Green v. United States of America filed 07/28/17 closed 02/14/18 (This case)

2:17-cv-10038-JTM-KWR Green v. Hartford filed 10/03/17 closed 04/10/18

2:18-cv-08018-SSV-MBN Green v. United States of America filed 08/22/18 closed 01/18/19

2:18-cv-09005-JTM-MBN Green v. United States of America filed 09/27/18 closed 02/06/19

2:19-cv-00502-SM-MBN Green v. National Football League et al filed 01/24/19 closed 01/28/19

Despite efforts to promote responsive non-frivolous filings, it is apparent that the Court's general supervisory power to control its docket may require entry of an order to curtail future abuse of the judicial process by Petitioner. Such an order would, among other provisions, direct the Clerk of Court to refuse the filing of any other petition or complaint, motion, or other

pleading that is accompanied by an application for leave to file or proceed in forma pauperis, excepting pleadings that contain allegations of constitutional deprivation by reason of physical harm or threats to petitioner's person.[2]

New Orleans, Louisiana, this 22nd day of March 2019

                                                    _____
                                                    SENIOR UNITED STATES DISTRICT JUDGE

---

[2] In view of Petitioner's complaints of health care within the Veterans Administration, particularly his mother's letter cited in the 2012 action, Petitioner is reminded that tort claims against the United States for alleged medical malpractice or care by the VA, a Federal agency of the United States, are "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." Quoted language from 28 U. S. C. § 2401.